DETROIT POLICE OFFICERS ASSOCIATION *v.*
CITY OF DETROIT

1. Municipal Corporations—Officers—Status—Power to Act.

An action taken by a city council will not be declared void because two of its participating members lacked *de jure* status, as there is no difference between the acts of *de facto* and *de jure* officers where the public interest is concerned and the councilmen in question were duly elected and their right to perform the duties of office unchallenged.

2. Municipal Corporations — Legislative Body — Membership — Credentials.

Official acts of the legislative body of a municipality may not be directly attacked through a collateral attack on the credentials of its membership.

3. Appeal and Error—Officers—Status.

Appellate courts do not, nor do they need to, rule upon the status of an official currently serving in public office and may act only in a direct proceeding to test his right to office.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 June 3, 1969, at Detroit. (Docket No. 6,117.) Decided June 24, 1969. Leave to appeal denied March 17, 1970. See 383 Mich 769, 770.

Complaint by the Detroit Police Officers Association, a Michigan corporation, and Leon Walker and Charles Rice, against the City of Detroit, a Michigan

---

References for Points in Headnotes

[1] 37 Am Jur, Municipal Corporations § 54 *et seq.*
[2] 37 Am Jur, Municipal Corporations § 169 *et seq.*
[3] 37 Am Jur, Municipal Corporations § 222 *et seq.*

municipal corporation, the Detroit Common Council, and the Detroit Home Owners Council, Inc., a Michigan corporation, on petition as an intervening defendant, to declare the council's action in overruling portions of the mayor's budget, to be void and to place the budget into effect as originally submitted. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Livingston, Gregory,. Van Lopik & Higle,* for plaintiffs.

*Robert Reese,* Corporation Counsel, and *John R. McKinlay,* Assistant Corporation Counsel, for defendants City of Detroit and Common Council.

*Honigman, Miller, Schwartz & Cohn* (*Avern Cohn* and *John Sklar,* of counsel) for defendant Detroit Common Council.

*Harold M. Ryan,* for intervening defendant, Home Owners Council.

BEFORE: R. B. Burns, P. J., and Holbrook and T. M. Burns, JJ.

Per Curiam.   Plaintiffs appeal from a judgment of the Wayne county circuit court which denied their complaint for mandamus to compel the defendants to place into effect the 1968–1969 city budget submitted to the common council by the mayor of the city of Detroit.  On May 21, 1968, the common council voted pursuant to Title 6, Chap 1, § 5 of the Detroit city charter to overrule the mayor's veto of certain revisions of the city budget adopted by the common council.  Included among the revisions initiated by common council was the deletion of the

mayor's original proposal for a salary increase for the employees of the Detroit police department.

Plaintiffs seek to attack the formal action of the common council via a collateral attack on the *de jure* status of two councilmen. It is contended that council president Ed Carey was serving in the capacity of acting mayor at the time of the council vote pursuant to Title 1, Chap 1, § 2 of the Detroit city charter and, therefore, he was ineligible to perform the duties of councilman during that period. It is also contended that the office of councilman Louis C. Miriani became automatically vacant upon his conviction on May 20, 1968, for violation of section 7201 of the Internal Revenue Code and, therefore, he was ineligible to vote at the May 21, 1968, council session. The plaintiff concludes that a finding of ineligibility in the office of either councilman renders the action of the common council on May 21, 1968, void. The appellee has filed a motion to affirm the lower court judgment.

This Court need not and does not render any opinion regarding the *de jure* status of the councilmen in question. The principle applied in *Greyhound Corporation* v. *Public Service Commission* (1960), 360 Mich 578 is applicable here. Both councilmen were duly elected to the office they served. No one challenged their right to perform the functions of that office. They were *de facto,* if not *de jure* councilmen. This Court does not recognize a right owing to the plaintiffs to directly attack an official act of the legislative body of a municipality through a collateral attack on the credentials of its membership.

"Upon the high ground of public policy and to prevent a failure of public justice we follow the statutory rule that while one is in public office, exercising the authority thereof under color of law, we cannot, except in a direct proceeding to test his right

to office, pass upon the question here raised, and besides  *  *  *  there is no difference between the acts of *de facto* and *de jure* officers, so far as the public interests are concerned." *People* v. *Townsend* (1921), 214 Mich 267, 270.

It is manifest that the questions presented here on appeal are unsubstantial and require no argument or formal submission.   The motion to affirm is granted.